J-S66016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AUMBREY LANEL BROWN | |
| Appellant | No. 2021 WDA 2014 |

Appeal from the Judgment of Sentence November 17, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No: CP-02-CR-0010361-2005

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 19, 2016**

Appellant Aumbrey Lanel Brown appeals from the November 17, 2014 judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court"), following revocation of his probation.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed.[1] On January 9, 2007, the trial court sentenced Appellant at three separate dockets numbers.  Specifically, at docket number 2005-10361,[2] Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless another source is cited, the facts are taken from pages 2 and 3 of the trial court's July 7, 2015 Pa.R.A.P. 1925(a) opinion.

[2] Appellant pled guilty at 2005-10361 to one count of delivery of cocaine related to his sale of 25.03 grams of cocaine to an undercover officer on May 4, 2005.

was sentenced to two to five years' incarceration with a recommendation for boot camp followed by three years' probation. At docket number 2005-15297,[3] Appellant received a concurrent sentence of two to nine months in prison; at docket number 2005-09459,[4] he received a concurrent sentence of six to twelve months' imprisonment. Appellant finished serving his state sentence on January 18, 2013, and began his probationary term of three years.

On February 24, 2013, at docket number 2013-3267, Appellant was charged with carrying a firearm without a license, person not to possess a firearm and receiving stolen property. On May 15, 2014, Appellant pled guilty to all charges and was sentenced to 11½ to 23 months' imprisonment at 2013-3267.

Because Appellant was on probation when he committed the crimes at 2013-3267, a probation violation hearing was held on November 17, 2014. Following the hearing, the trial court revoked Appellant's probation and sentenced him to 2 to 4 years' imprisonment at 2005-10361. Appellant

---

[3] At 2005-15297, Appellant pled guilty to one count of fleeing or eluding a police officer following a high-speed chase on August 4, 2005, which ended with Appellant striking a parked car and fleeing on foot before being apprehended.

[4] At 2005-09459, Appellant pled guilty to possession with intent to deliver cocaine and possession of a small amount of marijuana. On March 26, 2005, Appellant was stopped for a traffic violation and found in possession of 6.898 grams of cocaine, 30 grams of marijuana, $2,405.00 in cash and two cell phones.

timely filed a post-sentence motion, challenging the discretionary aspects of his new sentence. On December 8, 2014, the trial court denied the motion. Appellant timely appealed to this Court. At the trial court's direction, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, challenging only the discretionary aspects of his sentence. In response, the trial court issued a Rule 1925(a) opinion, rejecting Appellant's assertion of error.

On appeal, Appellant raises only a single issue for our review, namely:

> In revoking [Appellant's] probation and re-sentencing him to a sentence of total confinement of 2-4 years['] state incarceration, whether the trial court abused its discretion when it failed to consider relevant and required sentencing criteria, including the protection of the public, the gravity of [Appellant's] conduct, and the character, personal history, and rehabilitative needs of [Appellant], thereby violating 42 Pa.C.S.A. § 9721(b)[.]

Appellant's Brief at 4. In essence, Appellant argues that the trial court abused its discretion in failing to consider mitigating evidence pertaining to his character, personal history, and rehabilitative needs in fashioning Appellant's sentence. Specifically, Appellant contends that the trial court failed to take into consideration Appellant's age, remorse, acceptance of responsibility for the crimes, ties to Pittsburgh, employment status, educational history, familial obligations, and treatment plans for mental health and substance abuse. *Id.* at 14-15.

When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

- 3 -

absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-

case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[5] We, therefore, must determine only if Appellant's sentencing issue raises a substantial question.

We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). This Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits."

_____

[5] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

*Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Nonetheless, [t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900 (Pa. Super. 2013) (citations omitted); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *see also Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *see also Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence).

Here, as revealed by Appellant's Rule 2119(f) statement, he argues only that the trial court failed to consider certain mitigating evidence in support of Appellant's character, personal history, and rehabilitative needs,

when it fashioned the sentence. Appellant's Brief at 12, 15. Thus, given the nature of his Rule 2119(f) statement, we cannot conclude he has raised a substantial question. *See Disalvo*, *supra*; *Berry*, *supra*; *Cruz-Centeno*, *supra*; *Bershad*, *supra*. We, therefore, deny Appellant's petition for allowance of appeal.

Even if Appellant had a raised a substantial question, he still would not have obtained relief because the trial court here had the benefit of a presentence investigation ("PSI") report. "Where the sentencing [judge] had the benefit of a [PSI], we can assume the sentencing [judge] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case.").

Here, at sentencing the trial court explicitly stated:

In the present case[, Appellant's] educational and employment background and his family circumstances were considered along with [his] repeated history of drug and gun related offenses. Since the imposition of the original sentence on cases that involved possession with intent to deliver, [Appellant] demonstrated a repeated willingness to commit crimes involving the "dangerous combination" of guns and drugs. In imposing the sentence of two to four years [sic] it was noted:

The problem I've got is I understand when you are in jail and you can't get high and you can't get drugs and they [get you] medicated, everyone is wonderful. Then [you] get out on the street, [you]

> don't take [the] medication and the next thing you
> know you're selling drugs and you got a gun again.
> This has happened over and over again.

Trial Court's Rule 1925(a) Opinion, 7/7/15, at 4 (record citation omitted).

Accordingly, Appellant's argument that the trial court failed to consider mitigating evidence would fail. **See Moury**, **supra**; **Fowler**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2016